UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| LATRICIA BROWN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. _____ |
| CREDITORS INTERCHANGE RECEIVABLE MANAGEMENT LLC., | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## COMPLAINT

This is an action brought by the Plaintiff, Latricia Brown ("Brown"), for actual and statutory damages, attorney's fees, and costs for the Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). The Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, § 1332, and § 1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

### PARTIES

2. The Plaintiff is a resident and citizen of the state of Alabama, DeKalb County, and is over the age of twenty-one (21) years.

3. The Defendant, Creditors Interchange Receivable Management, LLC. ("Creditors Interchange"), is incorporated in Delaware and was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama with the Alabama Secretary of State. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Dekalb County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

4. The Plaintiff incurred an alleged credit card debt to Chase Bank. At some point thereafter, the debt was charged off and/or sold to Creditors Interchange.

5. The alleged debt of the Plaintiff claimed by Creditors Interchange was incurred for personal, family, or household services, and is a "debt" as defined by the FDCPA at 15 U.S.C. § 1692a(5).

6. Creditors Interchange uses telephone communications in its business.

7. The principal purpose of Creditors Interchange's business is the collection of debts.

8. Creditors Interchange regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another.

9. Creditors Interchange is a debt collector subject to the provisions of the FDCPA.

10. In the course of attempting to collect a debt allegedly due from the Plaintiff to a business not a party to this litigation, Creditors Interchange communicated with the Plaintiff in a manner which violated the FDCPA.

11. In our around March 2009, the Plaintiff started to receive collection letters and calls from Creditors Interchange regarding the alleged credit card debt to Chase Bank.

12. In or around March 2009, the Plaintiff paid off her mortgage with Chase Bank.

13. On March 21, 2009, the Plaintiff sent a letter to Creditors Interchange disputing the Chase Bank credit card debt due to not using the Chase Bank credit card in many years.

14. On March 24, 2009, the Plaintiff received a message from Creditors Interchange stating, "Hi, I am trying to get a hold of Latricia Brown. Ms. Brown, my name is Erica Reid my office has been retained in regards to Chase Bank. At this point my client is looking to make a decision on this [inaudible] You need to get back to me at 866-816-2979 my direct extension is 3525."

15. In the phone message, the agent and/or employee of Creditors Interchange did not state the communication was from a debt collector.

16. In the phone message, the agent and/or employee of Creditors Interchange did not state the communication was an attempt to collect a debt.

17. The tone and phrasing used in the message would lead the least sophisticated consumer to believe Erica Reid was a licensed attorney and Creditors Interchange was a law office when, in reality, Reid is, upon information and belief, not a licensed attorney and Creditors Interchange is not a law office.

18. The Plaintiff called Erica Reed at the provided number after listening to the message.

19. Erica Reid stated that the Plaintiff's husband's name was also on the card and that he had made charges on the account in the past few years.

20. At some point during the conversation, the Plaintiff informed Erica Reid that she had recently paid off her mortgage with Chase Bank.

21. Upon hearing that Plaintiff had recently paid off her mortgage held by Chase Bank, Erica Reid intentionally and wrongly led the Plaintiff to believe that Chase Bank would not release the Plaintiff's mortgage, despite the fact that it was paid off, unless the alleged credit card debt was immediately paid to Creditors Interchange.

22. Due to the fear and concern that her mortgage would not be released, the Plaintiff sent a check for $16,500.00 via UPS overnight mail to Creditors Interchange.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

23. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

24. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act with respect to the Plaintiff's alleged consumer debt.

25. Defendant used false, deceptive, and misleading representations and means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e, including, but not limited to, §§ 1692(3),(4),(5), and (11);

26. Defendant used unfair and unconscionable means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f, including, but not limited to, § 1692f(1);

27. The Defendant engaged in conduct that the natural consequence of which is to harass, oppress, or abuse in violation of § 1692d;

28. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, and actual damages for worry, anxiety, nervousness, and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

29. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

30. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

31. The Defendant knew or should have known that said conduct was improper.

32. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

33. The Defendants negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

34. As a result of the Defendant's negligence, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

35. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

36. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

37. The Defendant knew or should have known that said conduct was improper.

38. The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

39. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

40. As a result of the Defendant's recklessly and wanton conduct, the Plaintiff

suffered worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## INVASION OF PRIVACY

41.  The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

42.  Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

43.  The Defendant undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

44.  Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of Defendant.

45.  Said communications constitute the wrongful intrusion into her solitude and seclusion.

46.  As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

*Respondeat Superior Liability*

6

47.     The acts and omissions of the agents/employees of the Defendant who communicated with the Plaintiff complained of were committed within the scope of their employment or agency relationship with their employer or principal.

48.     The acts and omissions by the agents/employees were incidental to, or of the same general nature as, the responsibilities these employees or agents were authorized to perform by Defendant in the collection of consumer debts such as the consumer debt allegedly owed by the Plaintiff.

49.     By committing these acts and omissions against the Plaintiff, the agents/employees were motivated to benefit their principal, the Defendant.

50.     Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its agents/employees in their attempts to collect this alleged debt from the Plaintiff.

### AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the defendant as follows:

A.      Declaratory judgment that the Defendant's conduct violated the FDCPA and state law claims;

B.      Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§1692k);

C.      Actual damages for the Defendant's violations of the FDCPA;

D.      Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§1692k;

E.      Compensatory and punitive damages against Defendants on Plaintiff's state law claims for damages due to the Negligent Training and Supervision, Reckless and Wanton Training and Supervision; and Invasion of Privacy; and

F.      Such other and further relief that this Court deems necessary, just and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

_/s/ W. Whitney Seals_
W. Whitney Seals
ASB 8890-W81S
Pate & Cochrun, LLP
P.O. Box 10448
Birmingham, AL 35202-0448
Phone (205) 323-3900

_/s/ Michael W. Lindsey_
Michael W. Lindsey
ASB 4328-A63L
Lindsey Law Firm, LLC
One Perimeter Park Dr., Ste 330 N
Birmingham, AL 35243
Phone: (205) 970-2233

_/s/ John C. Hubbard_
John C. Hubbard
ASB-8252-H46H
Lindsey Law Firm, LLC
One Perimeter Park Dr., Ste 330 N
Birmingham, AL 35243
Phone: (205) 970-2233